UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-21838-CIV-HUCK/SIMONTON

ELIZABETH CZEREMCHA
RODRIGUEZ,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/



CLOSED CIVIL CASE

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed February 6, 2008 (D.E. #34). The Court has reviewed the Motion, Plaintiff's Response, Defendant's Reply, the Amended Complaint, all pertinent parts of the record, and has considered the parties' arguments made at the oral argument held on Thursday, March 27, 2008.

### I. PROCEDURAL AND FACTUAL BACKGROUND[1]

Plaintiff, who is proceeding pro se, filed her initial Complaint in this Court on July 17, 2007 (D.E. #1). The Court dismissed Plaintiff's Complaint sua sponte on July 30, 2007 (D.E. #3) based on her failure to allege any factual basis for the "breach of employment contract," "libel and slanderous statements," and "intentional infliction of emotional distress" claims.

Plaintiff filed an Amended Complaint on August 27, 2007 (D.E. #7). In her Amended Complaint Plaintiff appeared to list three bases for recovery: 1) breach of contract, 2) libel and slander, and 3) "post traumatic stress."[2] During the Motion hearing Plaintiff clarified that her third ground for relief, "post traumatic stress," was not a separate claim but rather a form of damages. Thus, as Plaintiff herself made clear, the Amended Complaint only seeks to recover on the theories of breach of contract, and libel and slander.

---

[1] The factual background is derived from Plaintiff's Amended Complaint, as the factual allegations in a complaint must be taken as true when reviewing a motion to dismiss.

[2] Specifically, Plaintiff alleged: "Post Traumatic Stress: Due to those actions, today I am treated by two doctors. Therefore I am seeking compensatory and punitive damages, along with court and attorney fees." Am. Compl. at 2.

In support of her beach of contract claim Plaintiff alleges that Defendant's Transportation Security Administration ("TSA") offered her employment at its Miami facility on a contractual basis, to begin on a specific date and for a specific salary, and that it breached that contract when it terminated her without cause. Am. Compl. at 2. In support of her libel and slander claims Plaintiff alleges that she was "told by different persons, at different locations that detectives were asking questions and making statements about [her]. One incident in specific [sic] was at a place of employment." *Id.* This caused Plaintiff stress and lost wages. *Id.*

## II. MOTION TO DISMISS STANDARD

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). Nonetheless, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. ANALYSIS

### A. Count I: Breach of Contract

Plaintiff's first alleged basis for recovering against Defendant is for breach of employment contract. The Court must first examine whether it has subject matter jurisdiction over this claim. Under the Tucker Act, a plaintiff may bring an action against the United States in a federal district court "upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). The Tucker Act is only a jurisdictional statute - "it does not create any substantive right enforceable against the United States for money damages," but merely confers jurisdiction whenever a substantive right to recovery already exists. *U.S. v. Testan*, 424 U.S. 392, 398 (1976). "In order to invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States." *Hamlet v. U.S.*, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (citing *Testan*, 424 U.S. at 398).

Plaintiff seeks to recover for breach of contract, claiming that the TSA breached her employment contract in terminating her without cause. However, "there is a 'well-established principle that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government.'" *Hamlet*, 63 F.3d at 1101 (quoting *Chu v. U.S.*, 773 F.2d 1226, 1229 (Fed. Cir. 1985)); *see also Klaskala v. U.S. Dep't of Health and Human Servs.*, 889 F. Supp. 480, 485 (S.D. Fla. 1995) ("government employees serve by appointment, rather than by contract") (citing *U.S. v. Hopkins*, 427 U.S. 123, 126 (1976)). "The question of whether a government employee is serving by contract or appointment depends upon the 'relevant statutory language and regulations and the language of the hiring documents.'" *Calvin v. U.S.*, 63 Fed. Cl. 468, 472 (2005) (internal quotations and citations omitted).

Here, according to the TSA's offer letter, attached to Defendant's Motion to Dismiss as Exhibit A, Plaintiff was explicitly *appointed* to work as a screening manager with the TSA rather than offered employment on a contractual basis.[3] Moreover, according to section 111(d) the Aviation and Transportation Security Act, screener personnel for the TSA are "appoint[ed]." Note following 49 U.S.C. § 44935; *see Calvin*, 63 Fed. Cl. at 472 (finding screener personnel with the TSA were employed by appointment, not contract). Finally, during the Motion hearing, Plaintiff herself conceded that she was employed through an appointment, not a contract.

"Plaintiff's relationship with the Government cannot be simultaneously governed by both an appointment and a contract." *Collier v. U.S.*, 56 Fed. Cl. 354, 356-57 (2003) (citing *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 735-36 (1982)); *see also Pijanowski v. U.S.*, 60 Fed. Cl. 628, 632 (2004) ("Appointment to a federal position is contrary to the establishment of a contractual relationship.") (citing *Hopkins*, 427 U.S. 123). Thus, because Plaintiff has failed to "identify a separate source of substantive law that creates the right to money damages," she has failed

---

[3] The Court may consider this offer letter in the context of a motion to dismiss under the "incorporation by reference" doctrine, under which a document attached to a motion to dismiss may be considered without converting the motion into one for summary judgment if the document is "(1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, Plaintiff's offer letter is both central to her claim for breach of employment contract, and undisputed by Plaintiff.

3

to "come within the jurisdictional reach" of the Tucker Act. *Fisher v. U.S.*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). As such, her breach of contract claim is subject to dismissal.[4]

### B.     Count II: Libel and Slander

Plaintiff also seeks to recover against Defendant for libel and slander. In general, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations and quotations omitted) (alteration in original); *see also, e.g.*, *Testan*, 424 U.S. at 399 ("It long has been established, of course, that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (internal quotations and citation omitted).

The Federal Tort Claims Act ("FTCA") creates a limited waiver of the federal government's traditional sovereign immunity by providing, in relevant part, that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, the FTCA states that this waiver does not apply to certain tort claims. Indeed, according to 28 U.S.C. § 2680(h), sovereign immunity is *not* waived for "[a]ny claim arising out of . . . libel [or] slander . . . ." Thus, for claims such as libel or slander, the traditional sovereign immunity applies, and the federal government may not be subjected to suit based on those torts.

Here, Plaintiff seeks to recover from the federal government for libel and slander. Because the FTCA waiver of sovereign immunity does not apply to those claims, this Court does not have

---

[4] This analysis gives Plaintiff the benefit of the doubt and assumes that she seeks no more than $10,000 in damages. If she seeks more than $10,000 in damages, the Federal Claims court (formerly known as the U.S. Claims Court) has exclusive jurisdiction over her breach of contract claim. 28 U.S.C. §§ 1346(a), 1491; *see U.S. v. Hohri*, 482 U.S. 64, 67 n.1 (1987) ("Tucker Act claims for more than $10,000 can be brought only in the United States Claims Court. Claims for less than $10,000 generally can be brought either in a federal district court or in the United States Claims Court.").

jurisdiction to hear them. Thus, Plaintiff's claims for libel and slander are subject to dismissal.[5]

## IV. CONCLUSION

For the reasons stated above, it is hereby ORDERED AND ADJUDGED that Defendant's Motion is GRANTED. Counts I and II of Plaintiff's Amended Complaint are DISMISSED WITH PREJUDICE. All pending motions are DENIED as moot and the case is CLOSED.

DONE AND ORDERED in Chambers, Miami, Florida, this March 31, 2008.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of record
Elizabeth Rodriguez, *pro se*

---

[5] Defendant also moves to dismiss Plaintiff's Amended Complaint for "fail[ure] to conform to the federal rules of civil procedure," namely that Plaintiff did not specify the grounds for the Court's jurisdiction over her claims. Mot. to Dismiss, D.E. #34 at 2. The Court rejects this argument - the alleged basis for this Court's jurisdiction is plain from the face of Plaintiff's Amended Complaint against the federal government.